**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:                                                                                    Chapter 13

**JOEY DOMINGUEZ,**                                           Case No.: 6:16-bk-05271-KSJ

**Debtor.**
_____/

**MOTION OF TRUDY NANETTE DOMINGUEZ**
**FOR RELIEF FROM THE AUTOMATIC STAY**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three (3) days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the Movant's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Dr., Ste 102, Orlando, FL 32801, and a copy on the Trustee, Laurie K Weatherford, Post Office Box 3450 Winter Park, FL 32790, within the time allowed.

If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Creditor and party-in-interest Trudy Nanette Dominguez (the "N. Dominguez"), by and through her undersigned counsel, and pursuant to 11 U.S.C. § 362(d), files this motion for relief from the automatic stay to seek and enforce alimony obligations of the Debtor (this "Motion"). In support, N. Dominguez states as follows:

**BACKGROUND**

1. On or about August 9, 2016, the Debtor filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2. N. Dominguez is a former spouse of the Debtor and was scheduled by the Debtor as a priority creditor.

3. On December 12, 2006, Debtor and N. Dominguez entered into that certain Marital Settlement Agreement (the "MSA"), as approved by final judgment of the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida, Case No. 06-DR-3215-02D-W (the "State Court Action").

4. Paragraph 13 of the MSA provides for permanent, periodic alimony for N. Dominguez, and acknowledges that such alimony was needed by N. Dominguez.

5. However, ¶ 13 of the MSA also states that Debtor could not then afford the periodic alimony, and so alimony was provided at a nominal amount of $1 per year until Debtor's circumstances changed. Debtor's gross annual income on December 12, 2006 was approximately $81,000.00 per year.

6. Debtor was further required to pay child support in the amount of $1,554.00 per month for Debtor and N. Dominguez's two children. The youngest of their children, however, turns 18 this month, August 2016, at which point Debtor's child support payments cease and Debtor's disposable income increases by $1,554.00 per month.

7. On May 24, 2016, N. Dominguez filed that certain Verified Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage in the State Court Action (the "Petition"), requesting that the State Court modify the nominal amount upwards based on two substantial changes in the Debtor's financial circumstances: the forthcoming termination of his child support obligation in August of 2016; and an upward change to his gross annual income.

8. In fact, the Debtor's recent financial affidavit filed with the State Court on August 15, 2016 reflects that the Debtor now makes approximately $120,000.00 in gross annual income, a change in gross annual income from the origination of the MSA of approximately $39,000.00.

9. The Petition is still pending in the State Court Action.

10. In calculating his disposable income and his Schedules I & J, Debtor did not make any provision for alimony expenses to N. Dominguez, although such expense is currently being determined in the State Court Action.

11. Once the alimony amount is increased, N. Dominguez and the Circuit Court will seek collection of the increased alimony from property of the Debtor's estate.

## BASIS FOR RELIEF AND RELIEF REQUESTED

12. Debtor's income and assets are property of the Debtor's estate, and as this is a chapter 13, Debtor's post-petition income and assets remain property of the estate.

13. While 11 U.S.C. § 362(b)(2)(A)(ii) provides for an exception to the stay for the modification of domestic support obligations, and 11 U.S.C. § 362(b)(2)(B) provides for an exception for collection from property that is not property of the estate, the stay does restrict collections from property of the estate, other than withholding of income.

14. In the abundance of caution and in order to protect her rights, N. Dominguez seeks relief from stay for all purposes necessary for her and the Circuit Court to establish and collect post-petition alimony from the Debtor and from property of the estate without seeking further relief from this Court.

15. Simultaneous with the filing of this Motion, N. Dominguez is filing an objection to the confirmation of Debtor's Plan (Doc. 5) based on these same issues.

WHEREFORE, N. Dominguez respectfully requests that this Court enter an order terminating the automatic stay to allow N. Dominguez to establish, collect, and enforce post-petition alimony payments from the Debtor and from property of the Debtor's estate, and granting such other and further relief as is just and equitable.

Dated:  August 23, 2016

## CERTIFICATE OF SERVICE

The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via electronic means on August 23, 2016 to: Amy E. Goodblatt, Esquire, Amy E. Goodblatt, P.A., 1040 Woodcock Road, Ste 251, Orlando, FL 32803, the U.S. Trustee, 400 West Washington Street, Suite 1100 Orlando, FL 32801, the trustee Laurie K Weatherford, Post Office Box 3450 Winter Park, FL 32790, and all other parties participating in CM/ECF.

*/s/ Michael A. Nardella*_____
Michael A. Nardella, Esq.
Florida Bar No:  51265
**NARDELLA & NARDELLA, PLLC**
250 E. Colonial Drive, Suite 102
Orlando, Florida 32801
Telephone: (407) 966-2680
Facsimile: (407) 966-2681
mnardella@nardellalaw.com