# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:                                                            Chapter 13

JOEY DOMINGUEZ,                                      Case No.: 6:16-bk-05271-KSJ

Debtor.
_____/

## OBJECTION TO CONFIRMATION

Creditor and party-in-interest Trudy Nanette Dominguez (the "N. Dominguez") files this objection to the Debtor's Chapter 13 Plan (the "Plan") (Doc. 5) and, in support thereof, states as follows:

## BACKGROUND

1. On or about August 9, 2016, the Debtor filed a voluntary petition for relief under chapter 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code").

2. N. Dominguez is a former spouse of the Debtor and was scheduled by the Debtor as a priority creditor.

3. On December 12, 2006, Debtor and N. Dominguez entered into that certain Marital Settlement Agreement (the "MSA"), as approved by final judgment of the Circuit Court of the 18th Judicial Circuit in and for Seminole County, Florida, Case No. 06-DR-3215-02D-W (the "State Court Action").

4. Paragraph 13 of the MSA provides for permanent, periodic alimony for N. Dominguez, and acknowledges that such alimony was needed by N. Dominguez.

5. However, ¶ 13 of the MSA also states that Debtor could not then afford the periodic alimony, and so alimony was provided at a nominal amount of $1 per year until

Debtor's circumstances changed. Debtor's gross annual income on December 12, 2006 was approximately $81,000.00 per year.

6. Debtor was further required to pay child support in the amount of $1,554.00 per month for Debtor and N. Dominguez's two children. The youngest of their children, however, turns 18 this month, August 2016, at which point Debtor's child support payments cease and Debtor's disposable income increases by $1,554.00 per month.

7. On May 24, 2016, N. Dominguez filed that certain Verified Supplemental Petition for Modification of Final Judgment of Dissolution of Marriage in the State Court Action (the "Petition"), requesting that the State Court modify the nominal amount upwards based on two substantial changes in the Debtor's financial circumstances: the forthcoming termination of his child support obligation in August of 2016; and an upward change to his gross annual income.

8. In fact, the Debtor's recent financial affidavit filed with the State Court on August 15, 2016 reflects that the Debtor now makes approximately $120,000.00 in gross annual income, a change in gross annual income from the origination of the MSA of approximately $39,000.00.

9. The Petition is still pending in the State Court Action.

10. In calculating his disposable income and his Schedules I & J, Debtor did not make any provision for alimony expenses to N. Dominguez, although such expense is currently being determined in the State Court Action.

11. Accordingly, Debtor's disposable income as listed in his plan for payment unsecured creditors is too high, and should be reduced to provide for permanent alimony as determined in the State Court Action.

**OBJECTION TO CONFIRMATION**

12. N. Dominguez objects to the confirmation of the Plan on multiple grounds, including as follows:

- The Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3) as the Plan ignores the alimony issue that has been pending for some time and Debtor knows the amounts are going to substantially change.

- The Plan is not feasible for the Debtor as required by 11 U.S.C. § 1325(a)(6) as what he lists as his disposable income to calculate his payments will soon be reduced by the increased alimony.

- The Debtor has dedicated more than his true disposable income under 11 U.S.C. § 1325(b)(1) to the detriment of priority creditors like N. Dominguez pursuant to 11 U.S.C. § 1325(a)(8).

13. The Plan should not be confirmed unless or until the foregoing issues are addressed in a satisfactory manner.

14. N. Dominguez hereby reserves the right to join all other objections and to file other or additional bases for objections to confirmation of the Plan as are later determined to exist.

WHEREFORE, N. Dominguez respectfully requests that this Court enter an order denying confirmation of the Plan and granting such other and further relief as is just and equitable.

Dated: August 23, 2016

## **CERTIFICATE OF SERVICE**

  The undersigned, Michael A. Nardella, Esquire, hereby certifies that a true and correct copy of the foregoing was furnished via electronic means on August 23, 2016 to: Amy E. Goodblatt, Esquire, Amy E. Goodblatt, P.A., 1040 Woodcock Road, Ste 251, Orlando, FL 32803, the U.S. Trustee, 400 West Washington Street, Suite 1100 Orlando, FL 32801, the trustee Laurie K Weatherford, Post Office Box 3450 Winter Park, FL 32790, and all other parties participating in CM/ECF.

             */s/ Michael A. Nardella*_____
             Michael A. Nardella, Esq.
             Florida Bar No: 51265
             **NARDELLA & NARDELLA, PLLC**
             250 E. Colonial Drive, Suite 102
             Orlando, Florida 32801
             Telephone: (407) 966-2680
             Facsimile: (407) 966-2681
             mnardella@nardellalaw.com